DAN H. COOPER, BAR NO. 004900
Cooper & Udall, P.C.
136 W. Simpson Street
Tucson, AZ 85701
(520) 770-1414
dcooper@cooperudall.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-18-0540-JAS (MSA) |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DISPOSITION MEMORANDUM** |
| MELINDA DENISE LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Melinda Lopez, through counsel, submits this Disposition Memorandum on her behalf. Ms. Lopez was scheduled to be sentenced by this Court on August 13, 2020. Sentencing has been continued until October 30, 2020.

Ms. Lopez' situation is difficult and tragic. Sentencing will have consequences of greater import than in most cases. Her life depends not just on sentencing in this matter but on her own ability to overcome her drug issues as well as mental health problems.

Ms. Lopez has stage four breast cancer. The probation department, in its sentencing justification, noted that she began her term of supervised release with "an optimistic attitude and without violations." Once she was informed that her cancer had returned, however, "she struggled to cope and returned to substance

use." Ms. Lopez was arrested on February 25, 2020 for violating her conditions of supervised release. Those violations included drug usage. Following her arrest Ms. Lopez was imprisoned at CCA-Florence. It became apparent that she was not receiving the cancer treatment she needed. Counsel filed a motion to modify her conditions of release which was granted on March 26, 2020. Since her release Ms. Lopez has continued to receive chemotherapy.

The probation department accurately wrote in its sentencing recommendation that Ms. Lopez' physical health "might be a barrier" to her ability to comply with certain terms and conditions. In fact, Ms. Lopez faces multiple barriers to simply surviving.

Setting aside the question of whether or not Ms. Lopez deserves the eight-month sentence recommended in the disposition report from the probation department, the real issue is if she will live. Under ordinary circumstances perhaps Ms. Lopez should receive the eight-month sentence with the hope that the Bureau of Prisons provides adequate medical care for her. Ms. Lopez' health, however, is endangered on multiple levels. Treatment for her cancer is of primary importance. She did not receive the necessary treatment while at CCA this past Spring. Moreover, prisons have become a breeding ground for COVID-19. Individuals with underlying health conditions, such as cancer, are particularly susceptible to the virus. Thus, Ms. Lopez will be in grave danger should she be returned to CCA.

There are several reasons why Ms. Lopez was convicted of the offense in the first place and subsequently violated her supervised release conditions. None of them are good reasons. Among those reasons are mental health problems, drug abuse, and poverty. These reasons do not excuse the crime. But what is different about this case from most is that if Ms. Lopez does not get the medical care she needs she will die. Punishment and rehabilitation and redemption are all elements of the criminal justice system. However, it is rare that a sentencing decision, regardless of those elements, will have such a potentially consequential effect. The sentencing decision this court faces in Ms. Lopez' case would be different if she posed a major threat to society. The major threat she poses is to herself. Ms. Lopez might not be a good candidate for supervised release but she is a worse candidate for prison. Sentencing her to time already served would be unusual but, under the circumstances, appropriate.

RESPECTFULLY SUBMITTED this  17th  day of August, 2020.

By  s/ Dan H. Cooper
Dan H. Cooper